UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO PALMENO,

        Petitioner,

    v.

TRIMBLE, Warden,

        Respondent.
        _____/

No. C-11-4068 EMC (pr)

**ORDER TO SHOW CAUSE**

### **INTRODUCTION**

Francisco Palmeno, an inmate at Pleasant Valley State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

### **BACKGROUND**

The petition and attachments thereto provide the following information: Palmeno was convicted in Monterey County Superior Court of 3 counts of committing lewd acts on a child under 14 years of age. He does not state the date on which he was sentenced or the term of that sentence, but does state that he is now in custody serving it. *See* Petition, p. 2.

Palmeno appealed. According to the docket sheet on the California appellate courts' website (http://appellatecases.courtinfo.ca.gov), the California Court of Appeal reversed the judgment and remanded the case for sentence correction on December 29, 2009 and the California Supreme Court denied review on March 22, 2010. Palmeno then filed this action.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges two claims: (1) the admission of evidence of prior molestations that allegedly occurred 25-35 years earlier violated Palmeno's right to due process; and (2) defense counsel provided ineffective assistance of counsel by failing to investigate certain information. Liberally construed, these claims are cognizable in a federal habeas action.

## CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon petitioner, on or before **February 3, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **March 9, 2012**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

7. Petitioner's *in forma pauperis* application is GRANTED. (Docket # 3, # 4.)

IT IS SO ORDERED.

Dated: December 13, 2011

_____
EDWARD M. CHEN
United States District Judge