UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO PALMENO, | No. C-11-4068 EMC (pr) |
| Petitioner, | |
| v. | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| TRIMBLE, Warden, | |
| Respondent. | **(Docket No. 7)** |

## I. INTRODUCTION

Francisco Palmeno filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition on the ground that state court remedies have not been exhausted for all claims. Palmeno did not file opposition although granted an opportunity to do so. For the reasons discussed below, the Court finds that state court remedies were not exhausted and **GRANTS** the motion to dismiss with leave to amend.

## II. BACKGROUND

In 2008, Palmeno was convicted by a jury in Monterey County Superior Court of 3 counts of committing lewd acts on a child under 14 years of age. The jury also found true an allegation that Palmeno's crimes involved multiple victims. Palmeno was sentenced to 15 years to life in state prison.

Palmeno appealed. The California Court of Appeal reversed the judgment and remanded the case for sentence correction on December 29, 2009. Palmeno filed a petition for review in the state high court, raising a single claim – that the trial court had erred in allowing the prosecutor to introduce evidence of his prior sex crimes. The California Supreme Court summarily denied review

on March 19, 2010.  Palmeno then filed his federal petition for writ of habeas corpus on August 19, 2011.

### III.  DISCUSSION

A.  Exhaustion Requirement

The instant petition alleges two claims:  (1) the admission of evidence of prior molestations that allegedly occurred 25-35 years earlier violated Palmeno's right to due process; and (2) defense counsel provided ineffective assistance of counsel by failing to investigate certain information.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c).  The exhaustion-of-state-remedies doctrine "reflects a policy of federal-state comity" designed to give a State "'an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'"  *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted).  The Court generally may not grant relief on an unexhausted claim, *see* 28 U.S.C. § 2254(b)(1).

Both the legal basis and the factual basis of the claim must be fairly presented in order to exhaust.  It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court.  *See Picard*, 404 U.S. at 277.  The state's highest court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution."  *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).  With regard to the factual basis for the claim, "the petitioner must only provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'"  *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citations omitted).

///
///
///

Respondent asserts that only one of the claims raised in the instant petition – the due process claim – was presented in Palmeno's "petition for review" filed in the California Supreme Court. Respondent is correct.

Claim 1 – *i.e.*, the due process claim regarding the admission of evidence of prior sex crimes – is exhausted. State judicial remedies were exhausted by the presentation of the claim in the petition for review to the California Supreme Court. *See* Resp. Ex. 1.

Claim 2 – *i.e.*, the ineffective assistance of counsel claim – is unexhausted. State judicial remedies have not been exhausted for any part of this claim because the claim was not presented to the California Supreme Court in the "petition for review."

Palmeno's petition contains both exhausted and unexhausted claims and therefore is a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

B.  Dismissal with Leave to Amend

Because the petition contains both exhausted an unexhausted claims, the petition is subject to dismissal as a mixed petition. *See Rose v. Lundy*, 455 U.S. at 522 (mixed petition – one containing both exhausted and unexhausted claims – must be dismissed without prejudice). However, notwithstanding Petitioner's failure to file a response to Respondent's motion, this Court must first give Petitioner an opportunity to amend the mixed petition by striking the unexhausted claims as an alternative to suffering dismissal before the Court may dismiss the petition. *See Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005); *Brambles v. Duncan*, 412 F.3d 1066, 1069-71 (9th Cir. 2005).

As an alternative, Petitioner may obtain a stay of the instant petition while he exhausts his unexhausted claim in state court. District courts have the authority to issue stays of mixed federal habeas petitions, and the AEDPA does not deprive them of that authority. *Rhines v. Webber*, 544 U.S. 269, 275-76 (2005). In *Rhines*, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions. The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA") in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003). If Petitioner wishes to obtain a stay, he must file a motion to stay the petition that includes a showing of good cause for his failure to exhaust his unexhausted claims prior to filing the present petition, a showing that the claims are not meritless, and that he did not intentionally engage in dilatory litigation tactics.

## IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Respondent's motion to dismiss, (Docket No. 7), is **GRANTED**. The petition is hereby **DISMISSED WITH LEAVE TO AMEND**. By **August 13, 2012**, Petitioner may file an amended petition that includes only his exhausted claim, *i.e.*, claim 1, and that strikes the second unexhausted claim. The amended petition must be on this Court's form for habeas petitions. It must include the caption and civil case number used in this order, No. C 11-04608 EMC (PR), as well as the words "AMENDED PETITION" on the first page. Petitioner may not incorporate material from the original petition by reference.

2. In the alternative, Petitioner may file a motion to stay while he exhausts his unexhausted claim in the state courts. Such a motion must be accompanied by a showing of good cause why the unexhausted claim was not exhausted prior to initiating the federal habeas action, a showing that the unexhausted claim potentially has merit, and a showing that Petitioner did not intentionally engage in dilatory litigation tactics.

4

**Failure to file a response in conformity with this order in the time provided shall result in the dismissal of this action without prejudice to Petitioner's later filing a new petition after he has finished exhausting all his claims in state court.**

The Clerk shall include two copies of the Court's form petition with a copy of this order to Petitioner.

IT IS SO ORDERED.

Dated: July 13, 2012

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

5